FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2008 JUN -4 AM 10: 14
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DARRYL PERNELL BUTLER,

    Plaintiff,

vs.

    CIVIL ACTION NO.: CV508-040

DANNY L. BENNETT, Deputy Warden;
DONOVAN JOHNS, Medical
Administrator, and JUDY EDGY,
Nurse Practitioner,

    Defendants.

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at D. Ray James Prison in Folkston, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. Plaintiff was granted leave of the Court by Order dated May 20, 2008, to proceed in forma pauperis in this action.

A prisoner[1] proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or

---

[1] Plaintiff is a prisoner in a privately-operated facility. A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law[.]" 28 U.S.C. § 1915(h). Thus, the provisions of the PLRA, including the three strikes provision, are applicable to Plaintiff. See Burghart v. Corrections Corp. of America, 2008 WL 619308 at *1 (W.D. Okla. March 4, 2008) (finding that 28 U.S.C. § 1915(g) clearly applied to plaintiff because the privately owned prison in which plaintiff was housed was a "facility" within the meaning of section 1915(h)).

more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three[2] civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Butler v. Kelso, 1:95CV190 (M.D. Ga. Oct. 20, 1995) (dismissed as frivolous); (2) Bulter v. Brown, 1:96CV87 (M.D. Ga. May 23, 1996) (dismissed as frivolous); and (3) Butler v. Casterline, 1:03CV112 (M.D. Ga. Sept. 26, 2003) (dismissed as frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent

---

[2] Plaintiff's own admission (Att. to Compl., p. 10) and a review of his history of filings reveal Plaintiff accumulated at least two (2) more strikes prior to filing this Complaint, Butler v. Farris, 3:05CV164 (S.D. Ga. April 20, 2006) (dismissed for failure to exhaust administrative remedies), and Butler v. Donald, 1:05CV1874 (N.D. Ga. July 13, 2006) (dismissed, in part, for failure to exhaust administrative remedies).

AO 72A
(Rev. 8/82)

2

danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id.

In his Complaint, Plaintiff contends[3] he is required to eat an onion-free diet and his dietary needs are not being met. Plaintiff asserts he will continue to suffer from dizziness, chronic migraine headaches, irregular sleep, hunger, stomach cramps, and weight loss if he is not provided with proper meals. Plaintiff also asserts, if he keeps getting transferred to different prisons, he will continue to encounter the same problems.

At the time he filed his Complaint, Plaintiff had brought at least three cases that constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint, which was filed in this Court on May 16, 2008. The Court notes that, if what Plaintiff asserts his true, he arguably sets forth a colorable claim for relief. However, Plaintiff made these same allegations in Case Number 3:07CV20, albeit against a different set of Defendants, and the Honorable Dudley H. Bowen, Jr., determined Plaintiff was not in imminent danger of serious physical injury at the time he filed his Complaint in that case. (3:07CV20, Doc. No. 34). Moreover, Plaintiff asserts he was transferred to D. Ray James Prison on February 7, 2008, and he did not file his Complaint until more than three (3) months

---

[3] Plaintiff does not set forth any assertions in his Complaint. The undersigned gleaned Plaintiff's contentions from what Plaintiff attached to his Complaint and entitled a Motion for Preliminary Injunction and Brief. This attachment has not been docketed as a Motion. To the extent Plaintiff moves the Court to issue a preliminary injunction against Defendants, this Motion should be **dismissed** as moot given the undersigned's recommended disposition of Plaintiff's Complaint.

later. Thus, Plaintiff should not be considered to meet the exception to the three strikes rule. Accordingly, the Court **VACATES** its May 20, 2008, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full $350.00 filing fee.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 4th day of June, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE